EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

RONALD G. JOHNSON #4532
Chief, Major Crimes

LORETTA SHEEHAN #4160
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: loretta.sheehan@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 13 2006

at ___ o'clock and ___ min. ___ M
SUE B___      CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO.  05-00339 DAE |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF PLEA AGREEMENT |
| | ) | |
| vs. | ) | Date: January 13, 2006 |
| | ) | Time: 11:00 a.m. |
| KEITH H. MALAQUI, | ) | Judge: Leslie E. Kobayashi |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the Defendant, KEITH H. MALAQUI, and his attorney, Todd Eddins, have agreed upon the following:

1.  Defendant acknowledges that he has been charged in the First Superseding Indictment with violating Title 18, United States Code, Section 922(j) and 922(g)(3).

2. Defendant has read the charges against him contained in the First Superseding Indictment, and those charges have been fully explained to him by his attorney.

3. Defendant fully understands the nature and elements of the crimes with which he has been charged.

4. Defendant will enter a voluntary plea of guilty to Count 2 of the First Superseding Indictment charging him with being an unlawful user of a controlled substance in possession of a firearm. The prosecution agrees to move to dismiss the remaining count, Count 1, of the First Superseding Indictment as to Defendant after sentencing.

5. Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6. Defendant enters this plea because he is in fact guilty of knowingly possessing firearms while being a regular user of a controlled substance, and agrees that this plea is voluntary and is not the result of force or threats.

7. Defendant understands that the penalties for the offense to which he is pleading guilty include:

    a. a term of imprisonment of up to 10 years;

    b. a term of supervised release of not more than three years;

    c. a fine of up to $250,000;

In addition, the Court must impose a $100 special assessment as to each count to which the Defendant is pleading guilty. Defendant agrees to pay $100 for each count to which he is pleading guilty to the District Court Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. Defendant acknowledges that the failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this Agreement at its option.

8. Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which Defendant is pleading guilty:

a. At a specific date unknown, but between July 15, 2005 and July 28, 2005, on the island of Maui, in the District of Hawaii, the Defendant accepted four firearms from Michael Leach. The firearms which he took from Michael Leach included:

1. a Taurus, model Raging Hornet, .22 caliber, revolver, bearing a partial serial number 474;

2. a Volunteer Enterprises, model Commando Mark III, .45 caliber, carbine, bearing serial 16826;

3. a Chinese type 56, model SKS, 7.62 x 39 mm caliber, assault rifle, bearing serial number 24016207N; and

    4. a Ruger, model Mini-14, .223 caliber, semi-automatic rifle, bearing serial number 184-90594.

    b. When he received these firearms from Michael Leach, the defendant re-wrapped the rifles individually and placed them in another bag and hid them on his uncle's property. The defendant exchanged the Taurus revolver with his friend, Eugene Decambra for a "dollar paper," i.e. about a ½ gram or $100 worth of crystal methamphetamine. He and Eugene Decambra smoked the crystal methamphetamine together.

    c. At the time that the defendant accepted and took possession of the firearms, the defendant was a regular and continuous user of a controlled substance, to wit, crystal methamphetamine. He started using crystal methamphetamine, a.k.a. "ice" in about 1990 to the present. At the time that he took possession of the firearms, he smoked "ice" on average of about twice a week.

    d. All of the firearms were manufactured outside the state of Hawaii and therefore traveled in interstate commerce. The Taurus, Model Raging Hornet, .22 caliber revolver, bearing partial serial number 474 originally had a serial number of UF 891 474, and was manufactured in the State of Florida. The Volunteer Enterprises, model Commando Mark III, .45 caliber, carbine, bearing serial 16826 was manufactured in the State of Tennessee. The Chinese type 56, model SKS, 7.62 x 39 mm caliber,

assault rifle, bearing serial number 24016207N was manufactured in the People's Republic of China. The Ruger, model Mini-14, .223 caliber, semi-automatic rifle, bearing serial number 184-90594 was manufactured in the State of New Hampshire.

9. Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charges to which the Defendant is pleading guilty adequately reflect the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

10. Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of Defendant in connection with this matter:

    a. Factual stipulations: The parties agree that the facts set forth above in paragraph 8 are incorporated herein by reference.

    b. The United States Attorney agrees that Defendant's agreement herein to enter into a guilty plea(s) constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to Defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level

reduction in sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if defendant is otherwise eligible. The Defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the probation office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

    11. The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

    12. The Defendant is aware that he has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a). Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

a.  The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

b.  If the Court in imposing sentence departs (as that term is used in Part K of the Sentencing Guidelines) upward from the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the upward departure portion of his sentence and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack.

c.  The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

13.  The Defendant understands that the District Court in imposing sentence will not be bound by the provisions of the Sentencing Guidelines in that the Sentencing Guidelines are now advisory.  Subject to the exceptions noted in the previous paragraph, the Defendant is surrendering his right to challenge any sentence within the statutory maximum, or the manner in which

it was determined, including, but not limited to, a sentence that the Defendant perceives to be an incorrect application of the Guidelines. The Defendant further agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

14. The Defendant understands that pursuant to Guideline 6B1.1(c), this Agreement cannot be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary pursuant to Guideline 6A1.1. The Defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

15. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

    a. If Defendant persisted in a plea of not guilty to the charges against him he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the

prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

   b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

   c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

   d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant. Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on his own behalf. If the witnesses

for the Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

   e. At a trial, the Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

  16. Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph. Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

  17. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

  18. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

  19. Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against him, related matters, and any matters in

aggravation or mitigation relevant to the issues involved in sentencing.

        DATED: Honolulu, Hawaii, \_\_\_1/13/06\_\_\_.

AGREED:

_____
EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

_____
KEITH H. MALAQUI
Defendant

_____
RONALD G. JOHNSON
Chief, Major Crimes

_____
TODD EDDINS, Esq.
Attorney for Defendant

_____
LORETTA SHEEHAN
Assistant U.S. Attorney